COURT OF APPEALS
DECISION
DATED AND FILED

March 26, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

**This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.**

**A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.** *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP326-CR**

Cir. Ct. No. 2020CF1025

**STATE OF WISCONSIN**

**IN COURT OF APPEALS
DISTRICT II**

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

 V.

KIRDRELL M. WRIGHT,

    DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Racine County: ROBERT S. REPISCHAK, Judge. *Affirmed*.

Before Gundrum, P.J., Grogan and Lazar, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Kirdrell M. Wright appeals from a judgment entered after a jury convicted him of being a felon in possession of a firearm, contrary to WIS. STAT. § 941.29(1m)(a) (2023-24).[1] He claims the circuit court erroneously exercised its discretion when it allowed the State to introduce "other acts" evidence and when it denied his motion for a mistrial. Based upon our review of the briefs and Record, we affirm.

## I. BACKGROUND

¶2 In August 2020, a Racine County Deputy Sheriff stopped Wright for speeding. During the traffic stop, the deputy observed a strong smell of marijuana coming from the vehicle. The vehicle belonged to Wright's friend, Theresa Evans, who had loaned him the vehicle earlier that day. After additional deputies arrived, Wright and his passenger, Thomas Baker, complied with the police request to step out of the vehicle. When asked whether there was marijuana in the vehicle, Wright told the deputy that he had a bag of marijuana in his pocket. The deputies proceeded to search the vehicle and found a handgun with a thirty-round extended magazine under the driver's seat where Wright had been sitting. The firearm was not immediately visible, but the deputy who found the weapon testified it was located where Wright would have been able to "reach down and grab it[.]" When asked about the gun, Wright denied knowing about it and was unaware whether it belonged to Evans. Wright admitted he was currently serving the extended supervision portion of his prior sentence for being a felon in possession of a firearm. Wright's passenger, Baker, told the deputy that Wright carries a gun for his protection. The Complaint charged Wright with: (1) possession of THC, second or

---

[1] All references to the Wisconsin Statutes are to the 2023-24 version.

subsequent offense;[2] and (2) being a felon in possession of a firearm, mandatory minimum enhancer. He pled not guilty and the case proceeded to a jury trial.

¶3 Before trial, the State filed a motion seeking to admit other acts evidence. Specifically, it wanted to introduce evidence about Wright's 2017 conviction for possession of a firearm by a felon because it also involved Wright being found with a firearm hidden near him in a vehicle. In the 2017 incident, Wright told police that the hidden firearm belonged to him and that he kept it to protect himself. The State argued the 2017 incident was admissible under WIS. STAT. § 904.04(2) for the acceptable purposes of intent, motive, or absence of mistake/accident. The circuit court granted the motion over Wright's objection. It concluded that the evidence was admissible on both motive and absence of mistake. It noted that Wright's admission in the 2017 case that he possessed the gun for personal protection and Baker's statement in this case suggesting a similar motive made the prior incident admissible for the acceptable § 904.04(2) purpose of motive. The court also ruled that this evidence would be admissible for the purpose of absence of mistake/accident to show that Wright did not accidentally or mistakenly "possess[]" the firearm.

¶4 As a part of its case, the State called the police officer involved in the 2017 felon-in-possession-of-a-firearm case. That officer testified that in September 2017, he was dispatched for a "gun complaint" and saw the suspect—Wright—get into the back seat of a car. While conducting the traffic stop, the officer saw Wright make a "cross-body movement" suggesting that Wright appeared to be concealing contraband. Upon searching the back seat, the officer found a firearm

---

[2] Wright was also convicted of the drug charge, but he does not challenge it on appeal.

with an extended magazine hidden in a pillow case next to where Wright had been sitting.[3] Wright admitted in the 2017 incident that he possessed the firearm for his "protection and safety."

¶5 As a part of the trial in the case here, the State called the deputies who conducted the underlying traffic stop and search of Wright's vehicle. The State indicated it could not call Baker to testify because it was unable to secure his presence at the trial.

¶6 Based on the absence of Baker's testimony, Wright moved for a mistrial. He argued that without Baker's testimony, the circuit court erred in allowing the 2017 incident into evidence. The court agreed that, without Baker, the State could not introduce the 2017 other acts evidence for the purpose of motive or intent. However, it denied the mistrial motion and ruled that the evidence was still admissible for the acceptable purpose of showing the absence of mistake/accident or for the purpose of showing a common scheme. The court gave a cautionary jury instruction advising the jury that it could *only* consider the 2017 other acts evidence for that limited purpose: "You may consider this evidence only for the purposes [the court] described, giving it the weight you determine it deserves. It is not to be used to conclude that the defendant is a bad person and … for that reason is guilty of the offense charged."

¶7 The jury found Wright guilty, and judgment was entered. He now appeals.

---

[3] The officer testified he "believe[d]" the gun in the 2017 incident had an extended magazine. In the circuit court, Wright did not challenge the officer's statement, and therefore he has forfeited the right to dispute whether the officer's use of the word "believe" meant the 2017 gun did *not* have an extended magazine.

## II. DISCUSSION

¶8      Wright raises two issues. First, he contends the circuit court erroneously exercised its discretion in admitting the 2017 incident as other acts evidence. Second, he contends the court erroneously exercised its discretion in denying his mistrial motion. Evidentiary rulings are reviewed under the erroneous exercise of discretion standard, and we will uphold those rulings if the circuit court examined the relevant facts, applied the proper law, and reached a reasonable determination. *See State v. Novy*, 2013 WI 23, ¶¶21, 36, 346 Wis. 2d 289, 827 N.W.2d 610 ("[W]hether to admit or deny evidence rests in the sound discretion of the circuit court, which we will not overturn absent an erroneous exercise of discretion."). We will not overturn a decision on a mistrial motion unless the court failed to properly exercise its discretion. *State v. Bunch*, 191 Wis. 2d 501, 506, 529 N.W.2d 923 (Ct. App. 1995). The court must examine the facts and circumstances to determine "whether the claimed error is sufficiently prejudicial to warrant a mistrial." *State v. Ford*, 2007 WI 138, ¶29, 306 Wis. 2d 1, 742 N.W.2d 61.

### A. Other Acts

¶9      Wright argues that the circuit court's decision, both pre-trial and during the trial, to admit the 2017 conviction as other acts evidence constituted an erroneous exercise of discretion. First, he says that the pre-trial ruling was erroneous because Baker did not end up testifying about Wright having a gun for personal protection. Second, he argues that the court's ruling on the other acts evidence during the trial was also erroneous because even though the court addressed the framework required by *State v. Sullivan*, 216 Wis. 2d 768, 576 N.W.2d 30 (1998), its reasoning was just another way of saying the evidence could be used to prove propensity. Wright argues that the court's reasoning about the

"similarity, complexity and distinctiveness" of the two events was wrong because the evidence about the firearm in the 2017 incident was not certain and, regardless, extended magazines are very common. We reject Wright's arguments.

¶10 Our review of the Record demonstrates that the circuit court carefully considered the *Sullivan* three-prong test and reached a reasonable determination; accordingly, neither the court's pre-trial nor in-trial analyses constituted an erroneous exercise of discretion. First, the court found that the 2017 evidence was admissible for a permissible purpose consistent with the first *Sullivan* prong, which is not difficult to establish. *See id.*, 216 Wis. 2d at 772-73 (noting that admissible purposes include "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident"); WIS. STAT. § 904.04(2)(a); *State v. Payano*, 2009 WI 86, ¶63, 320 Wis. 2d 348, 768 N.W.2d 832 (establishing first *Sullivan* prong is not demanding). Specifically, at the pre-trial hearing, the court found that the 2017 incident could be admitted for the purpose of motive and absence of mistake/accident, and during the trial, the court found that even without Baker's testimony, the 2017 incident was still admissible for the purpose of showing absence of mistake/accident or to show a common scheme. Because Wright concedes the pre-trial ruling "ultimately did not matter" since Baker did not testify, we need only address whether the court's ruling during the trial—finding that the 2017 incident was admissible for the purpose of showing the absence of mistake/accident or common scheme—was erroneous. We conclude that it was not.[4] Absence of mistake/accident is a permitted purpose under WIS. STAT. § 904.04(2)(a) and Wisconsin case law. Here, Wright claimed he did not know the

---

[4] We do not analyze whether common scheme would also constitute a permissible purpose because we conclude that the absence of mistake/accident was a permissible purpose. *See State v. Blalock*, 150 Wis. 2d 688, 703, 442 N.W.2d 514 (Ct. App. 1989) (cases should be decided on narrowest possible ground).

gun was in the car. It was reasonable for the court to allow the 2017 incident to show he did not accidentally possess the firearm.

¶11 Second, the circuit court found that the 2017 incident was relevant to proving one of the permissible purposes. We agree. In order to prove the first element of the crime of possession of a firearm by a felon,[5] the State had to prove that Wright knew the firearm was under the seat and that he intended to exercise control over it. The 2017 incident certainly had the tendency to prove Wright possessed the firearm and knew it was under the driver's seat where he could quickly retrieve it. We also agree with the circuit court that the 2017 incident and the underlying incident had sufficient similarities—namely, both involved Wright hiding a firearm with an extended magazine near him in another person's car.[6] The 2017 incident therefore carried substantial probative value to the charged conduct. *See State v. Gutierrez*, 2020 WI 52, ¶34, 391 Wis. 2d 799, 943 N.W.2d 870 ("The probative value of the other acts evidence is measured by the factual similarities it shares with the charged conduct.").

¶12 Third, the circuit court found that the third *Sullivan* prong was also met, and again, we agree. The third prong requires the court to assess whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, waste of time, or other similar concerns. *Sullivan*, 216 Wis. 2d at 772-73. While the State bears the burden of proving the first two *Sullivan* prongs, Wright has the burden of proving the third prong. *See*

---

[5] Wright stipulated to the second element—that he was a convicted felon at the time of the offense.

[6] We are not persuaded by Wright's contention that these similarities are too common or that the three-year gap between the two is too long. Not everyone possesses a gun by hiding it near them in another person's vehicle or swaps out the standard magazine for an extended magazine.

*State v. Hurley*, 2015 WI 35, ¶58, 361 Wis. 2d 529, 861 N.W.2d 174. The court's determination on the prejudice prong was not erroneous as the admission of the 2017 incident did not unfairly prejudice Wright.

¶13　Wright argues this evidence unfairly prejudiced him because it was used to prove propensity, i.e., that he possessed a firearm as a felon in 2017 so he probably did it here, too. But, the circuit court gave a cautionary instruction specifically directing the jury to use the evidence only for the permissible purposes—not for propensity. We presume the jury followed that instruction. *See State v. Dorsey*, 2018 WI 10, ¶55, 379 Wis. 2d 386, 906 N.W.2d 158. Based on the foregoing, we cannot conclude the circuit court erroneously exercised its discretion in admitting the 2017 incident as other acts evidence.

### B. Mistrial

¶14　Wright next claims the circuit court erroneously exercised its discretion when it denied the mistrial motion he made after the State closed its case-in-chief without calling Baker to testify about Wright's purpose for possessing the firearm. We reject Wright's claim.

¶15　Our review of the circuit court's decision on the mistrial motion shows the court properly exercised its discretion. The court considered Wright's motion and modified its original pre-trial ruling during the trial when it determined it became necessary to prohibit the State from using the 2017 incident for the purpose of showing motive or intent after the State failed to call the witness who would have made the evidence relevant to those purposes. In doing so, the court narrowed the use of the evidence and gave a cautionary instruction limiting the jury's use of the evidence. We have already concluded that the court did not err in admitting the other acts evidence for the limited purpose of showing the absence of

mistake/accident. It logically follows that the court's decision on the mistrial motion was not erroneous. The court considered the facts and circumstances and the potential prejudice to Wright and modified its other acts ruling accordingly. This was a proper exercise of discretion.[7]

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[7] Wright argues that the circuit court should have struck the testimony of the officer who testified about the 2017 incident. But Wright never asked the court to do so. Accordingly, he forfeited his right to ask us to reverse on that basis. *See* WIS. STAT. § 901.03(1)(a) (requiring "a timely objection or motion to strike … stating the specific ground of objection"); *see also State v. Huebner*, 2000 WI 59, ¶¶10-11, 235 Wis. 2d 486, 611 N.W.2d 727. Moreover, a motion to strike would have been meritless as the court had already determined that the other acts evidence was admissible for purposes other than those reliant upon Baker's testimony.